Federated Fruit & Vegetable Growers, Inc.
vs.
Shore Bros., Inc.

No. 82666.

February 1, 1933.

POULIOT, J. This is an action brought by plaintiff to recover from defendant the sum of $808.14 for a shipment of grapes and is before the Court on plaintiff's motion for a new trial after a jury had returned a verdict for the defendant.

The dispute is as to whether or not plaintiff delivered the kind of grapes ordered.

Plaintiff claims that defendant bought "Champion" grapes and so billed it.

Defendant claims it bought "Michigan Fancy Table" grapes.

The merchandise was inspected at the railroad freight yard by an inspector of the U. S. Department of Agriculture. He found the grapes packed in baskets stamped "Fancy Table Grapes" and that they "shattered" 20 to 25%, thus failing to meet the requirements of "Michigan Fancy Table."

The jury could have found either for the plaintiff or the defendant, depending on which story was believed. That plaintiff intended to deliver fancy table grapes is shown by the stamping on each basket, and such marking tends to support defendant's contention.

Plaintiff fell short of proving his claim by a fair preponderance of the evidence and the jury, in the opinion of the Court, was justified in its decision.

*Motion for new trial is denied.*

For plaintiff: E. C. Stiness, Francis J. O'Brien-Corrigan.

For defendant: William A. Heathman.

Jules Desurmont Worsted Company
vs.
Lillian Julian

W. C. A. No. 1414.

February 2, 1933.

CHURCHILL, J. Heard on petition for review.

Petitioner asks the Court to order respondent, Lillian Julian, to submit to an operation on pain of losing compensation payments.

Dr. Murray S. Danforth, appointed by the Court as a disinterested expert, reported that he could not find any evidence warranting exploration of the knee, and at the same time reported that the respondent was still unable to use her left leg, owing to the persistence of pain and tenderness.

There was also medical evidence submitted on behalf of the respondent which was of the same general tenor.

The Court therefore finds as a fact that an operation is not necessary, and that the respondent, Lillian Julian, is totally incapacitated for work of the character she was engaged in at the time of the accident.

Petition dismissed.

For petitioner: Gardner, Moss & Haslam.

For respondent: Kennedy & Greene.